Lewis *v.* City of New Britain.

## CHARLES M. LEWIS *vs.* THE CITY OF NEW BRITAIN.

By the charter of the city of *N. B.* the owners of land adjoining a public street may be compelled, at their own expense, to grade their land for and construct sidewalks in such manner as the common council shall require. Held that where land was taken for a public street and damages assessed in favor of the land owner for the land taken, the expense of grading for and laying a sidewalk was not to be included in the damages.

[Argued March 6th—decided March 13th, 1885.]

APPEAL from an assessment of damages and benefits from the opening of a street in the defendant city; taken to the judge of the Court of Common Pleas of Hartford County. The facts were found by a committee and the assessment appealed from affirmed. Appeal by the plaintiff.

*J. Walsh*, for the appellant.

*F. L. Hungerford*, for the appellee.

PARK, C. J. It appears in this case that the defendant city laid out a public street through the plaintiff's land, and assessed land damages in his favor for the land taken. It further appears that by the charter of the city the owners of land adjoining the public streets may be compelled, at their own expense, to grade the front of their land for sidewalks, and to curb, flag, or pave the sidewalks in such manner as the common council shall direct.

On the hearing in the court below the plaintiff claimed as items of damage, in addition to the land damages, the expenses he would be subjected to in grading and paving his land for the sidewalk; and the question in the case is, whether such items of damage are proper to be allowed.

It is easy to see that if such items are proper subjects of damage, and the plaintiff should hereafter be required to grade and pave for a sidewalk, it would not be done at his expense, as the charter of the city requires. It may be said that this requirement of the charter may have been made

because such owners of land have received, or will receive, such items of damage, when public streets have been or will hereafter be laid out. But this can hardly be claimed, for doubtless there are many public streets in the defendant city that were laid out long before the defendant became a city or there was any prospect that it would ever become one; still the charter makes no exception.

This requirement of the charter was, doubtless, based upon the consideration that such owners will receive special benefits from such walks, in addition to the common benefit which they will receive as members of the public; and upon the further consideration that if the city should pay such expenses, the owners of such lands would have to pay in additional taxes a sum nearly equal to such expenses.

Again, if such items of damage are proper to be recovered, it would be vastly better for the city itself to construct sidewalks whenever they became necessary, than to pay such land owners in advance for such construction, for in many instances such damages would be recovered in cases where such walks would never be required. And, besides, the legislature never requires a city or town to pay to individuals the expenses of improvements which the individual is required to make for himself. If it should ever be done, the payment would be made after the work was performed, and not in advance.

There are many similar expenses which the owners of land adjoining public streets are subjected to, which have never been regarded or claimed as items of damage in the lay-out of streets—such as cleaning snow and ice from sidewalks in cities. In the case of *Goddard, Petitioner*, 16 Pick., 504, the reasoning of the court applies with great force to the case under consideration, and tends strongly to show that these items of damage are improper subjects of recovery.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.