## Reyenthaler, Appellant, v. Philadelphia.

160  195
185  225

160  195
189  246

160        195
19 SC   309

*Land damages—Streets—Road law—Municipality—Destruction of buildings—Evidence—Cross-examination—Rebuttal.*

In a proceeding to recover damages for opening a street, where plaintiff testifies that certain buildings standing in the line of the streets had been torn down and sought to convey the impression that they had been removed by the city, it is proper to admit evidence on behalf of defendant to show that the buildings, which were old and dilapidated, had been torn down and removed by boys and women for fire wood.

*Land damages—Possibility of municipal improvements—Market value—Presumption as to estimate by witnesses—Charge.*

In a proceeding to recover damages for opening a street it is not improper to charge the jury that they are "not to take possibility of municipal improvements as an argument against the weight of thought or opinion on either side," where the court also says that the possibility is not to be considered as an independent claim, that it enters into the question of the market value of the ground after the street is opened, and that the witnesses must be presumed to have taken it into consideration in reaching a judgment as to the market value of the property.

Argued Jan. 10, 1894. Appeal, No. 168, July T., 1893, by plaintiff, Emanuel G. Reyenthaler, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 634, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Appeal from assessment of land damages for opening street.

At the trial, before WILSON, J., plaintiff by his own testimony sought to convey the impression that certain buildings on the line of the street had been torn down by the city. He testified as follows on this subject. On cross-examination: "Q. What became of the buildings that you speak of that were in the line of the street? A. They were torn down. You folks know very well who tore them down. Q. Don't you know who tore them down? A. No, I don't. Q. When you say 'you folks know very well who tore them down,' what do you mean by that? A. I mean that the city knows who tore them down. You represent the city. Q. Do you mean to convey by that that the city tore them down? A. I do not know that. Q. You do not mean to say that the city of Philadelphia tore those buildings down? A. The city gave us notice to vacate

the street.  The tenant was out of the place when I came to look after it, and the property was gone.  That is what I mean to say."

James Lilly, witness for defendant, was asked: " Do you remember the buildings on this property?  A.  Yes, sir.  Q.  Do you know what happened to them? "  Objected to.  Objection overruled and bill sealed. [1]

" A.  Yes, sir; boys and women came there and the barn was carried away board by board, and when the barn was all carried away they started on the dwelling house.  They took one side out one story high.  It was standing on 3 $\times$ 4's the breadth of the hall, as far as I can understand.  I know I went into the drug store at Fifth and Jackson one Sunday between twelve and one o'clock, and the frame buildings were standing when I went in, and when I came out they were down and a cloud of dust was there.  Q.  What was the character of the buildings?  A.  Old dilapidated frame buildings."

The destruction of the buildings was after the confirmation of the report of the jury in favor of opening the street, but before the opening of the street had been authorized by councils or the court.

The court charged in part as follows:

" The question is whether the plaintiff, with his lot of land situated as it was, finds, by reason of the opening of Jackson street along one side of it, an opportunity of selling off many more lots than he would otherwise have been able to sell, and can get a larger sum of money for his property—that is, whether it is worth in the market more by reason of that opening than it was worth before.  That is the whole question.

" [You are not to take the possibility of municipal improvement as an argument against the weight of thought or opinion upon either side.  As the Supreme Court has said, they are not to be considered as an independent claim to be set up by one who is in the position of the plaintiff here.  They are matters which the witnesses must be presumed to have had in mind when they gave you the market value of the property.  They should have taken every element of that kind into consideration when they reached their conclusion, and it would be doing great injustice if they did so, which they ought to have done, for you to undertake to add now another like sum for the pur-

pose of increasing the claim, or the possible claim of the plaintiff for damages.    These are all things which enter into the determination of the question of the market value of that ground after the street was opened, and therefore the witnesses for the plaintiff and the witnesses for the defendant must be presumed to have taken those matters into consideration before they reached the judgment which they expressed to you."] [2]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence; (2) instructions; quoting instructions, bill of exceptions and evidence.

*Frank T. Lloyd, Martin H. Stutzbach* with him, for appellant, cited: Cummings v. Williamsport, 84 Pa. 477; Finn v. Gas Co., 99 Pa. 631; R. R. v. Burson, 61 Pa. 369; Setzler v. R. R., 112 Pa. 56; Geissinger v. Borough, 133 Pa. 525; Kersey v. R. R., 133 Pa. 240.

*James Alcorn, George E. Fili* and *Charles F. Warwick* with him, for appellee, cited: Negley Ave., 146 Pa. 456.

OPINION BY MR. JUSTICE FELL, March 12, 1894:

This was an appeal from the award of a jury appointed to assess damages caused by the opening of Jackson street.

The first exception is to the admission of testimony on the part of the defendant to show what had become of the buildings which stood within the line of the street.    The plaintiff in his examination in chief had described the buildings, and said they had been torn down; and in his cross-examination had at least intimated that they had been torn down and removed by the city.    The testimony complained of was to rebut this.    It was in contradiction of statements of the plaintiff made in a cross-examination that was relevant, and was therefore competent.

The second exception is to the instruction to the jury that they were "not to take the possibility of municipal improvement as an argument against the weight of thought or opinion on either side."    This instruction was followed by the statement that this possibility was not to be considered as an independent claim, that it entered into the question of the market value of the ground after the street was opened, and that the

witnesses must be presumed to have taken it into consideration in reaching a judgment as to the market value of the property.

In this there was no error. The witnesses testified as experts to the difference in market value before and after the opening of the street. This is all the light the jury had upon the subject. It was proper for the witnesses to take into consideration every element of advantage and disadvantage. No intelligent opinion could be formed without this, and the learned judge was right in saying that they must be presumed to have done so.

It was the privilege of either party to determine, by examination or cross-examination, whether the possibility of improvement had been taken into consideration by the witnesses, but it was the right of neither to introduce the cost of possible municipal improvement as a separate item, and it would be manifestly unjust that such cost should be added to an amount which the witnesses had stated as their judgment of the loss to the plaintiff by reason of the opening of the street.

The instruction complained of is not in conflict with Railway Co. v. McCloskey, 110 Pa. 436; Geissinger v. Hellertown Borough, 133 Pa. 522; Harris v. Railroad Co., 141 Pa. 242; Dawson v. Pittsburgh, 159 Pa. 317, and other cases in which it has been held that the cost of fencing, grading, paving, etc., are matters proper for consideration in deciding whether the opening of a street has been an injury to property. These are certainly matters proper for the consideration of any one forming an opinion on the subject, whether a juror or a witness; but they are not independent claims, and the instruction in this case was in effect a caution to the jury not to add items of possible future expense to amounts which the witnesses testifying as experts had fixed as the measure of damage.

The judgment is affirmed.