Lewis Albertson, Appellant, *v.* The City of Philadelphia.

*Road law — Evidence — Opening street—Cost of future improvements — Cross-examination of witness.*

The cost of future municipal improvements cannot be shown for the purpose of establishing an independent item of claim for damages caused by the opening of a street.

In an appeal from the award of a jury of view for damages for the opening of a street, a witness called by the city testified as an expert to the value of the land before and after the street was opened, and, on cross-examination, gave an estimate of the value of each piece of land after the street was opened, and stated that his estimate did not include the cost of street improvements. He was then asked, in further cross-examination: " What would the street improvements cost? " When the question was objected to, no offer was made to sustain it, and it was not made to appear that it was asked for the purpose of testing the correctness of the witness's estimate or to show that he had not taken into consideration future improvements. *Held,* that as presumably it was an attempt to show the cost as an independent item of damages, there was no error in sustaining the objection to the question.

Argued Jan. 28, 1898. Appeal, No. 299, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 1117, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Appeal from jury of view. Before BIDDLE, P. J.

At the trial, William Kelley, an expert witness for defendant, testified that plaintiff's land was benefited to the amount of $8,382, by the opening of Fifty-eighth street through it. Counsel for plaintiff cross-examined Kelley as follows:

" Q. What did you calculate the ground worth fronting on Fifty-eighth street since the street has been opened? A. I value the triangular piece at 50 cents per foot. Q. How much would that make the whole piece worth? A. The whole piece I value at $12,666. Q. As to the other? A. I value that at $2.00 a foot. Q. Without improvements or with them? A. Without street improvements; that is, 724 at $2.00 a foot. Q. What would the street improvements cost? "

Mr. Wayland : I object.

Objection sustained. Exception for plaintiff.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*Wm. S. Stenger*, with him *Wm. H. Shoemaker*, for appellant, cited Ry. Co. v. McCloskey, 110 Pa. 436; Harris v. R. R., 141 Pa. 242; Dawson v. Pittsburg, 159 Pa. 317; Reyenthaler v. Phila., 160 Pa. 195.

*Francis L. Wayland*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee, cited Trickett on Road Law, 436.

OPINION BY MR. JUSTICE FELL, March 28, 1898:

On the trial of an action to recover damages caused by the opening of a street the defendant called a witness who testified as an expert to the value of the land before and after the street was opened. On cross-examination this witness gave an estimate of the value of each piece of land after the street was opened,

and stated that the estimate did not include the cost of street improvements. He was then asked: "What would the street improvements cost?" This question was objected to by the counsel for the defendant, and the objection was sustained. This gave rise to the only exception taken during a trial of unusual length, and to the only matter now presented for consideration.

The cost of future municipal improvements cannot be shown to establish an independent item of claim for damages caused by the opening of a street; but it is the undoubted right of either party to ascertain by cross-examination whether the witnesses of the other in estimating the difference in market value before and after the opening have taken into consideration the probable expense to the owner of such improvements, and the effect which they would have upon the value of the land: Harris v. R. R. Co., 141 Pa. 242; Dawson v. Pittsburg, 159 Pa. 317; Reyenthaler v. Philadelphia, 160 Pa. 195. It would have been competent to have tested the correctness of the witness's estimate by questions directed to show what elements of advantage or disadvantage to the property he had considered in forming his opinion, but the question asked disclosed no such purpose. When it was objected to, no offer was made to sustain it, and there was no explanation of its purpose. Presumably it was an attempt to show as an independent matter the cost of future improvements, and there was no error in sustaining the objection to it.

The judgment is affirmed.