THE CITY OF MERIDEN ET AL. vs. THE WEST MERIDEN
CEMETERY ASSOCIATION.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A duly-authorized ordinance requiring abutting proprietors to con-
struct sidewalks and curbs in front of their respective premises at
their own expense, and in default thereof to pay the cost of their
construction to the city, is a reasonable exercise of the police
power; and is as obligatory upon a cemetery association whose
burial grounds adjoin the highway, as upon any other abutting
landowner, regardless of the existence of special benefits, or of the
fact that such grounds are exempt from taxation.
All property is held subject to the police power of the State.
A title alleged in the complaint and admitted in the answer must be
taken as true, and findings of the trial court must be construed, if
possible, in harmony therewith.
A cemetery association may hold the legal title to its burial ground,
although it has disposed of the rights of burial in all the land.

Argued April 14th—decided June 14th, 1910.

ACTION to recover the cost of furnishing and laying
a twenty-inch curb in the street in front of the defend-
ant's cemetery, brought to the City Court of Meriden
where a demurrer to the special defense was overruled
and the cause was afterward tried to the court, *Fay, J.;*
facts found and judgment rendered for the defendant,
and appeal by the plaintiffs. *Error: judgment to be
rendered for plaintiff.*

*Henry T. King,* for the appellants (plaintiffs).

*Emerson A. Merriman,* for the appellee (defendant).

THAYER, J. Pursuant to the plaintiff's charter (8
Special Laws, p. 296), its court of common council

passed the following orders, which were duly approved by its mayor: "Ordered that the property owners on both sides of Orange Street from Cook Avenue to Hanover Street be and they are hereby ordered to set a twenty-inch curb, with curved corners at all street intersections, and the property owners on the south side of Orange Street from Cook Avenue to Hanover Street be and they are hereby ordered to relay the present flag walk, all work to be completed to the lines and grades recently established and to the satisfaction of the board of public works by August 1, 1908, and if not done the board of public works are hereby authorized and instructed to have the work done at the cost of the delinquents.

"Ordered that the board of public works be and they are hereby instructed to cobble the gutters on both sides of Orange Street from Cook Avenue to Hanover Street, as soon as possible after curbs are set as above ordered."

The defendant is one of the property-owners on the north side of Orange Street between Cook Avenue and Hanover Street. It refused to set the curb as ordered. The charter provides that when any proprietor shall neglect to curb a sidewalk or gutter in the manner and within the time directed by the court of common council, the latter may cause the same to be done and order the same to be paid by the proprietor, and that the amount may be recovered in an action of assumpsit brought in the name of the city. 8 Special Laws, pp. 324, 325, 326, §§ 51, 54, 55. Upon the neglect of the defendant to set the curb within the time fixed, the court of common council caused it to be done, at a cost of $476.47, which is found to be reasonable, and, the defendant having refused to pay the amount to the person appointed to collect it, this action was brought to recover it.

The defendant is a corporation owning and controlling the land in question, which consists of six and one half acres in the thickly settled part of the city of Meriden, used exclusively as a cemetery or public burying-ground. The cemetery contains five hundred and eighty-eight lots, and the right to bury the dead in these lots has long since been disposed of to individuals by the defendant. The defendant is possessed of a fund which is deposited in banks and was attached in the present action.

The defendant claims that as its land is used exclusively for a public burying-ground, it was not bound to obey the order to set the curb in front of its premises, and is not liable to the plaintiff for the cost of setting it. The trial court sustained this contention in its rulings upon the demurrer and upon the final trial, and these are the rulings brought in question upon this appeal.

The action of the city in ordering the curb to be set was an exercise of the police power of the State which had been delegated to it by its charter. *Fair Haven & W. R. Co.* v. *New Haven*, 75 Conn. 442, 451, 53 Atl. 960. Its right to recover the cost of setting the curb grew out of the defendant's neglect to comply with the order, and is given by its charter as a means of enforcing the police regulation. The action is not one to enforce an assessment of special benefits accruing to the defendant from the setting of the curb, as it seems to have been regarded by the trial court. It was not necessary, therefore, that such benefit to the defendant should be shown, to fix its liability. Its liability depends upon a different consideration. If the orders, out of which this liability is claimed to have accrued, were a reasonable exercise of the police power, they establish the defendant's liability unless the fact that the land in question is devoted to cemetery purposes

in some way relieves the defendant from that liability. We take notice of the fact that in cities the abutting proprietors are ordinarily required to construct the sidewalks and curbs in front of their premises and to keep the same in repair. Statutes and ordinances requiring this have been upheld as a reasonable exercise of the police power. *Fair Haven & W. R. Co.* v. *New Haven*, 75 Conn. 442, 53 Atl. 960. The only suggestion urged upon us why the present ordinance is unjust, oppressive, unequal, or unreasonable as respects the defendant, is the fact that its land is a public burying-ground and, as such, under the statutes, it is exempt from taxation. These facts do not exempt it from proper police regulation. All property is held subject to this power, and cemetery lands are no exception.

It is claimed that this assessment was made under § 46 of the plaintiff's charter, and that notice of the assessment, as required by § 47 of the charter, was not given. Those sections relate to the assessment of damages and special benefits resulting from public improvements, and have no relation to orders passed under §§ 54 and 55, which have been referred to. As already stated, this is not an assessment of benefits for a public improvement.

The claim is now made that the defendant is not the owner of the land in question, but that it belongs to the holders of the lots. The complaint alleges, and the answer admits, that the defendant is the owner of the land. This must be taken as true. Any finding to the contrary by the court is outside of the issues presented by the pleadings. The special answer alleges that the right to bury the dead has been legally disposed of by the defendant, in numbered lots and single burial permits, in all of the land. The findings that the defendant sold and disposed of its last lot several years ago, and that many lots have been resold by the lot-owners,

presumably means that the rights of burial in these lots were sold. The exhibits attached to the finding show that this was what was sold, that certificates of proprietorship transferable on the defendant's books were given, and it does not appear that it ever disposed of the legal title to any of the land. The defendant remained the owner of the legal title and was the proper party to set the curb.

Certain rulings upon evidence are questioned in the appeal, but it becomes unnecessary to consider them.

The court erred in overruling the demurrer, and in holding, upon the facts, that the defendant was entitled to judgment. The judgment is reversed and the cause remanded, and judgment for the plaintiff ordered.

In this opinion the other judges concurred.