[No. 11004.   Department Two.   June 28, 1913.]

*In re* HARRISON STREET.

THE CITY OF SEATTLE, *Respondent*, v. SEATTLE ELECTRIC
COMPANY *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — CHANGE OF GRADE—
BENEFITS—ELEMENT OF DAMAGES.  In condemnation proceedings to
ascertain the damages to abutting property from a change of street
grade, the amount that such abutting property was assessed for
the purpose of paying the cost of the work, as property especially
benefited within the improvement district, is not an element of the
damages sustained, and cannot be considered.

Appeal by defendant from a judgment of the superior
court for King county, Mackintosh, J., entered October 17,
1912, awarding damages in a regrade condemnation proceed-
ing.   Affirmed.

*James B. Howe* and *Hugh A. Tait*, for appellants.

*James E. Bradford* and *William B. Allison*, for respondent.

MORRIS, J.—This proceeding was commenced by the city of
Seattle to adjudicate the damages to be paid owners of abut-
ting property upon the regrading of certain city streets.
The Seattle Electric Company was the owner of certain lots
involved in the improvement, and at the trial it was agreed
that its damages because of the cost of building a necessary
bulkhead would be the sum of $5,000, in which the city con-
sented verdict should be returned.   Appellant contended it
was entitled to another element of damage, and offered to
prove that the regrade had been accomplished and a local im-
provement district created by ordinance for the purpose of
creating a fund to pay the cost of the work, and that for
this purpose the property of appellant had been assessed in
the sum of $3,822.60.   The lower court sustained the city's

[1]Reported in 133 Pac. 8.

objection to including this assessment as an element of damage, and the electric company appeals.

The lower court, in our opinion, must be sustained. In levying an assessment for a local improvement the city is not acting under authority of any eminent domain statute, but such assessment, while not strictly speaking a tax, is in the nature of a tax, and the power to levy it is derived by the municipality under its sovereign power of taxation. Under this power, these assessments are levied upon the theory of a special benefit to the property assessed by reason of the improvement. The city not only assumes a benefit to the property, but fixes, and by proper proceedings levies, the amount of that benefit against the property, and when the owner pays the assessment he is, in contemplation of law, paying for a benefit to his property. In determining the damages to be paid when the city proposes to change the grade of the street under its right of eminent domain, the purpose of the inquiry is to ascertain the cost or damage to the owner to accommodate his property to the changed situation, irrespective of the power vested in the city to levy an assessment against the property because of the benefits flowing from the improvement. Under the provisions of our constitution, the city cannot confer that benefit upon the property until it first ascertains and pays the damages suffered by the property. In other words, before the owner can fully avail himself of the benefit to his property, he will be put to certain expense in adapting his property to the changed condition which is in law a damage. This damage the city must pay him before it can confer the benefit upon him. Having fully compensated the owner for the damage he must suffer in availing himself of the benefit conferred upon him, the city has the right to collect the assessment representing that benefit. To accept appellant's contention would make the city pay both the damage and the benefit, which cannot be supported under any theory of law. The owner must pay for his benefit by way

of assessment upon his property, and the city must pay the damage caused the owner in conferring that benefit.

The judgment is affirmed.

ELLIS, FULLERTON, and PARKER, JJ., concur.