JARED E. GAYLORD vs. THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under the provisions of its charter (§§ 54, 58–62, 69, 15 Special Laws, pp. 516, 518, 519, 522) the city of Bridgeport, on laying out a new highway, is required to assess and pay consequential damages to an abutting owner whose land is actually and legally damaged thereby, although none of it is taken for the new highway.

The difference in the market value of the property before the layout and its market value after the completion of the work, measures the amount of damages to which the landowner is entitled.

The certainty or probability of future expenditures on the landowner's abutting property, rendered necessary or desirable by the changed conditions resulting from the completion of the new highway, may diminish the present value of the property, but if so, such expenditures affect it only indirectly, and are not in themselves recoverable as separate items of damage; while the likelihood or possibility of future municipal action respecting pavements, sidewalks, curbs, or street sprinkling, cannot be taken into account.

Submitted on briefs January 18th—decided March 15th, 1916.

ACTION in the nature of an appeal from an assessment of benefits and damages resulting from the layout of a new highway by the defendant city, brought to and tried by the Superior Court in Fairfield County, *Case, J.;* facts found and judgment rendered confirming the action of the board of appraisal, and appeal by the plaintiff. *Error and new trial ordered.*

*Edward K. Nicholson,* for the appellant (plaintiff).

*William H. Comley, Jr.,* for the appellee (defendant).

BEACH, J.  The plaintiff is the owner of residence property in Bridgeport.  The city has laid out a new highway running along the westerly boundary of his property.  He is an abutting owner on the new street, but none of his land was included in the new layout.  As the result of proceedings taken in accordance with the Bridgeport charter, equal damages and benefits were assessed to the plaintiff, who thereupon made application for relief to the Superior Court, claiming that his property had been damaged in excess of benefits.

The finding of the court on the subject of damages is as follows: "7. By reason of the layout of the street as described it will be necessary for Mr. Gaylord to fill in a portion of the rear of his property to bring it to grade.  It will probably be necessary for him in the further development of the new street to curb and

gutter his said property along the entire westerly border. 8. By reason of the opening of the new street, the market value of the property of the said Jared E. Gaylord has been impaired for residential purposes, and its value has been somewhat decreased for that or for business purposes."

The principal question presented by this appeal is whether the city of Bridgeport is required by its charter, on laying out a new highway, to assess and pay consequential damages to an abutting owner, none of whose property has been taken for the new highway. It also presents, though not very clearly, the question what elements of alleged damage are to be included in such assessment, if any is to be made.

The answer to the first question must be found in the provisions of the charter, the material portions of which are printed in the footnote.* From these it will be

---

\* Charter of the city of Bridgeport. 15 Special Laws, pp. 516, 518, 519, 522.

By § 54 the city is given power to lay out new highways.

"Sec. 58. Before the common council shall determine to make any such public improvements, referred to in sections fifty-four, fifty-five, and fifty-six, it shall cause reasonable notice to be given, . . . specifying a time and place when and where all persons whose land is proposed to be taken therefor may appear and be heard. . . .

"Sec. 59. If after such hearing the common council shall resolve to make any such public improvement, it shall appoint a committee, whose duty it shall be to make a layout of such public improvement, and to report in writing. . . . If such report shall be accepted and approved by the common council, it shall be referred to the board of appraisal of benefits and damages for action by it.

"Sec. 60. The board of appraisal of benefits and damages shall have the exclusive jurisdiction of appraising, assessing, and apportioning all benefits and damages, accruing or resulting to any persons from such public improvement. . . .

"Sec. 61. Before making any such appraisal of benefits and damages, said board shall give reasonable notice to all persons interested. . . . It shall ascertain and determine what person or persons will be damaged by such taking of land or such public improvement as aforesaid, and the amount thereof, over and above any special benefits such person or

seen that the layout of a new highway is included in the term "public improvement"; that after the common council has resolved to make any public improvement and has accepted and approved the layout reported by its committee, it is required to refer the report to the board of appraisal of benefits and damages which has exclusive jurisdiction in respect of benefits and damages "resulting to any persons from such public improvement," and that the board of appraisal is required to give reasonable notice "to all persons interested," and to ascertain and determine "what person or persons will be damaged" by such taking of land or such public improvement.

These provisions as to notice and assessment by the board of appraisal are wider in their scope than the original notice required by § 58 to be given to "all persons whose land is proposed to be taken." The manifest intention and result is that the board of appraisal has power to assess benefits and damages

persons may receive therefrom; also what other person or persons will be especially benefited by such taking of land or public improvement as aforesaid, and the amount thereof over and above any damages such person or persons may receive therefrom; also what other person or persons will receive an equal amount of damages and benefits therefrom. But the whole amount of benefits assessed for any particular public improvement shall not exceed the whole amount of damages assessed on account of said public improvement. It shall report the amount of damages and benefits thus ascertained and determined, and the names of the persons to whom the same respectively appertain and belong, to the common council.

"Sec. 62. . . . Upon the acceptance of said report, the city clerk shall record the same. . . . When said assessments shall have been recorded in the records of the common council they shall immediately become due and payable. The common council shall order the damages thus assessed to be paid to the person or persons to whom they respectively belong, out of the city treasury."

Section 69 provides for appeal to the Superior Court or Court of Common Pleas, and authorizes the court to confirm, annul, or modify the assessments, or make such order in the premises as equity may require.

not only to those persons whose land is taken, but to all abutting owners who are actually and legally benefited or damaged by the public improvement in question. Such has evidently been the practical construction put upon the charter, for the board has in this case assessed both damages and benefits to the plaintiff, though none of his land was taken.

No doubt the plaintiff might have been assessed benefits in excess of his damages, had the facts warranted such an assessment; and it must follow that he was entitled to an assessment of damages in excess of benefits, if he was actually and legally damaged more than he was specially benefited.

Consequential damages to abutting land are not recoverable under the general law of eminent domain, except in the special case where a part of a tract of land is taken and the value of the remainder is thereby diminished; but in this case the city is proceeding, not under the general law of eminent domain but under special provisions of its charter which directly impose the liability to pay such damages. The damages contemplated by the charter are evidently those which are to be set off against special benefits. The word "damages" is used as the antithesis of "benefits," and as an increase in the value of abutting land, due directly to the improvement, would have been a special benefit under the charter, so a decrease in its value, directly caused by the improvement, is a damage under the charter. The plaintiff was entitled as damages to the difference in the market value of his property before the layout and after the completion of the work.

The second assignment of error is overruled. The plaintiff is not entitled to recover as damages the cost of any expenditure made necessary or probable in consequence of the public improvement. As was

pointed out in *Newton's Appeal*, 84 Conn. 234, 248, 79 Atl. 742, benefits and damages are to be assessed as of the date of the assessment. The inquiry is to be made as of that date and is confined to the present effect of the completion of the public improvement upon the value of the property. The certainty or probability of future expenditures on the property rendered necessary or desirable by the changed conditions resulting from the completion of the public improvement, may affect the present value of the property after the improvement is completed, but they affect it only indirectly, and are not in themselves recoverable items of damage. Of course, the probability or possibility of future municipal action as to pavements, sidewalks, curbs, or street sprinkling, etc., should not be taken into account. *Newton's Appeal*, 84 Conn. 234, 248, 79 Atl. 742; *Lewis* v. *New Britain*, 52 Conn. 568; *Meriden* v. *West Meriden Cemetery Asso.*, 83 Conn. 204, 76 Atl. 515.

Whether the difference in value before the public improvement and after its completion, furnishes the only possible measure of damages, as claimed in the third assignment of error, is not material on this record.

There is error and a new trial is ordered.

In this opinion the other judges concurred.