THOMAS E. MARTIN ET AL., EXECUTORS, *vs.* THE TOWN OF WEST HARTFORD.

First Judicial District, Hartford, October Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The amount of damages to which a landowner is entitled for the layout of a highway across his land is measured by the difference between the market-value of the tract before the taking and the market-value of what remains after the completion of the improvement.

In the present case the plaintiff landowner, upon the trial of his appeal in the Superior Court, assumed, without any warrant therefor, that the award of damages by the municipal authority was confined solely to the value of the land actually taken, and thereupon offered evidence that a different location of the highway through his land would have left the remaining portion of it more profitable to him than did the location selected; claiming that this enhanced value should be added to the assumed value of the land taken in determining his damages. *Held* that the results reached by this process and those arrived at by the correct rule—which for aught that appeared was applied by the municipal board—, might well differ widely; that the municipality was not bound to contribute in this way to enhance the value of the remaining land, and that the trial court committed no error in excluding this evidence.

Argued October 3d—decided December 17th, 1918.

APPEAL by the plaintiffs from an assessment of benefits and damages for the layout of a highway, taken to and tried by the Superior Court in Hartford County, *Curtis, J.;* facts found and judgment rendered

confirming the action complained of, from which the plaintiffs appealed. *No error.*

The plaintiffs are the executors of the will of Patrick Martin, deceased. Martin's estate was the owner of a considerable tract of land located in the suburbs of Hartford, and in the immediate vicinity of property which had been developed for use as building lots. The Martin tract had not been so developed, and was without highways running through it.

In 1917 the defendant town, acting under legislative authority (Special Acts of 1915, p. 63, as amended by Special Acts of 1917, p. 1173), laid out a highway, in extension of an existing highway known as Foley Street, through and across the Martin land. Thereupon, pursuant to the Act, the bureau of assessment and award of the town appraised the damages and assessed the benefits resulting from the improvement. Benefits were assessed against the Martin estate and damages in the amount of $1,415 appraised. From this assessment and appraisal the plaintiffs, as executors, appealed to the Superior Court and asked for a reassessment and reappraisal.

Upon the hearing on the appeal, no objection was made to the assessment of benefits, and no question made that the award of damages was not sufficient to indemnify the estate for the land taken. The plaintiffs' claim was that the property of the estate, by reason of its shape, was damaged over and above the land taken, because the development of the remaining land into building lots would be attended with fewer advantages with the highway located as it was, than it would be with the highway located about one hundred feet further north. This they attempted to establish by evidence, and for that purpose offered one of the plaintiffs to prove that the number of lots having a fifty foot frontage, which could be obtained with a highway located as the town had placed it, was six less in number

than could be obtained with the highway located one hundred feet further north. This evidence was, upon objection, excluded. The plaintiffs then made the following general offer: "The plaintiffs offered evidence tending to prove, with reference to this layout, that the layout by the town of Foley Street is in such a location with reference to the Martin property that the damages caused to said property are greater than they would be if a street were laid out through it with reference only to the development of the Martin property, in that if a street were laid out one hundred feet north of the town's location it would make possible four rear lots on the south side of said proposed location and five rear lots on the north of said proposed location, and the total number of available lots to sell in the whole Martin piece would be five more lots than are available because of the town's location, and evidence showing that these lots are worth from $600 to $700 apiece." The evidence thus offered was excluded, and none other being presented, judgment confirming the action of the bureau of assessment and award followed.

*Arthur Perkins*, for the appellants (plaintiffs).

*Stewart N. Dunning*, for the appellee (defendant).

PRENTICE, C. J. The true measure of the special damages arising from the defendant's taking which the plaintiffs were entitled to have appraised in favor of the estate, was the difference between the market-value of the whole tract as it lay before the taking, and the market-value of what remained of it thereafter and after the completion of the public improvement. *Gaylord* v. *Bridgeport*, 90 Conn. 235, 239, 96 Atl. 936; *Cook* v. *Ansonia*, 66 Conn. 413, 431, 34 Atl. 183. Instead of pursuing this line of inquiry and proof, the plaintiffs

proceeded upon the double unsupported assumption that the appraisal appealed from was one based solely upon the value of the land within the highway limits and fairly represented such value, and offered evidence to establish that a different location of the highway would have left the land in such condition as to be more profitably utilized than did the location made. The avowed purpose of this offer was to thereby ascertain a sum which should be added to the assumed value of the land taken, in determining the amount of special damages to be awarded for the taking.

It needs little reflection to show that the results reached by this process, and those at which the recognized rule would arrive, might well differ widely. By the former, a municipality laying out a highway, would, in a certain class of cases, be called upon to compensate the landowner for failure to so locate it that he might reap the greatest pecuniary benefit from it as a step in the development of his land for profitable sale. The municipality is not called upon to contribute in this way toward the development enterprise, and thus to give new value to the land of the owner which is not taken. So in this case, the defendant town was under no duty to contribute to the enhancement of the market-value of the remaining property of the estate by the location of the highway where it would best serve the plaintiffs' scheme of development. It was its right to locate it in the public interest, and its duty to compensate the estate for the damage thereby occasioned. Thus the estate would be made whole, and the plaintiffs could not reasonably ask for more. An application of the recognized rule accomplishes this result by a simple and direct comparison of former and subsequent values. Of course, an inquiry as to market-value may involve the consideration of a variety of elements having a bearing upon the ultimate fact, but it is

through a determination of these ultimate facts of value before and after that the *quantum* of damage suffered is to be ascertained, and that by the simple process of subtraction. Any round-about method which attempts to escape from the application of the recognized rule is fundamentally wrong. For aught that appears the appraisal appealed from was arrived at by the application of the correct rule. At least the plaintiffs did not undertake to show that it did not correctly represent an award so made, or to offer evidence appropriate to the determination of an award so arrived at.

There is no error.

In this opinion the other judges concurred.