# Philadelphia to use *v.* Crew-Levick Co., Appellant.

*Municipalities — Opening streets—Paving — Foot-front rule — Measure of damages—Use of street by railroad company—Special assessments—Arbitrary basis of taxation—Presumption—Act of May 28, 1915, P. L. 599—Constitution of United States—14th Amendment—Due process of law.*

1. The measure of damages to a property owner because of the opening of a street through his property, is the difference between its market value before the opening, and its market value afterwards, as affected by the opening.

2. In fixing the market value of that portion of the property which is not taken in the opening of a street, the future cost of paving the street in front of it, as of the width then established and calculated in the way such work is charged for in the particular locality, may legally be taken into account, not as a distinct item of damage, but as a matter affecting that market value.

3. Under such circumstances, when the city subsequently paves the street in front of the part which is not taken, objections regarding the width of the street and the cost of its paving as of that width, will be presumed to have been considered and determined in the proceedings relating to the opening, and cannot be interposed as defenses to the claim for paving.

4. The foot-front rule of assessment for paving is not objectionable if the street paved is in a built-up portion of a city.

5. Under section 20 of the Act of May 28, 1915, P. L. 599, 605, a municipal claim for paving is prima facie evidence of the facts stated in it, and the defendant has the burden of proving whatever he alleges operates as a defense to the claim.

6. Where a railroad company is authorized to use a city street in common with the public generally, the city, in its discretion, unless there is controlling legislation to the contrary, may require

the property owner to pay for the paving exactly as if the railroad company did not have such partial use of the street.

7. If a railroad company authorized to use a street occupies it in an improper manner, one legally injured by reason thereof may have a claim against the railroad, but not against the city merely because it authorized such use.

8. The 14th Amendment of the Constitution of the United States is not violated, if the party who alleges he has been injured has had the same opportunity as others in like situation to present his claim or defense in due course of law.

9. Special assessments for street improvements may, under legislative authority, be made in proportion to the frontage, area, or market value of the adjoining property, without violating the 14th Amendment.

10. The mere fact that assessments according to frontage may result in charging against a particular property a sum larger than the actual benefit to it, is not a legal objection to the method of assessment; this hardship, if it exists, must be borne as one of the imperfections of human things.

11. The 14th Amendment can be interposed to defeat special assessments, because of the manner in which they were made, only where the basis of taxation is palpably arbitrary, or so plain an abuse of discretion, that there is no reasonable presumption that substantial justice will generally be done, but on the contrary the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred.

Argued May 21, 1923. Appeal, No. 39, Jan. T., 1921, by defendant, from judgment of C. P. No. 5, Phila Co., June T., 1920, No. 3815, M. L. D., on verdict for plaintiff, in case of Philadelphia to use of J. Joseph McHugh v. Crew-Levick Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before BALDRIGE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,954.23. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*David Wallerstein,* with him *Thomas M. Hyndman,* for appellant.—The case of Phila. v. Rice, 274 Pa. 256, is direct authority for the position that appellant had the right to show by testimony that its property was not benefited by the paving.

Defendant should have been permitted to show that the paving of Delaware Avenue was part of a scheme of general public improvement for the benefit of the whole City of Philadelphia and the improvement of its commerce: Hammett v. Phila., 65 Pa. 146; Beechwood Ave., 194 Pa. 86; Craig v. Phila., 89 Pa. 265.

Where a public improvement is for the general public welfare, the assessment of the entire cost of such improvement against the abutting property owners is a taking of property without due process of law and a denial of the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States: Norwood v. Baker, 172 U. S. 269; Michener v. Phila., 118 Pa. 535; Pittsburgh's App., 138 Pa. 401; Grannis v. Ordean, 234 U. S. 385; Scott v. McNeal, 154 U. S. 34; French v. Paving Co., 181 U. S. 324.

Even if Delaware Avenue was ripe for paving, it should have been left to the jury to determine whether the actual width of such paving was not greater than the requirements of the neighborhood of the abutting owners and of the neighborhood of appellant's property: Mill Creek Sewer, 196 Pa. 183; Murtland St. Sewer, 226 Pa. 478; West Liberty Ave. Sewer, 54 Pa. Superior Ct. 242.

Appellant's property derived no benefit from the paving of that part of Delaware Avenue occupied by the railroad tracks, and, therefore, cannot be assessed for the cost of it: St. P. & Pac. R. R. Co. v. Schurmeier, 7 Wall. (U. S.) 272; Pittsburgh's Petition, 138 Pa. 401; Allegheny City v. R. R., 138 Pa. 375; Phila. v. Ginhart, 48 Pa. Superior Ct. 648.

*Glenn C. Mead* and *Walter Biddle Saul,* with them *David J. Smyth,* for appellee, cited: Michener v. City, 118 Pa. 535; Alcorn v. Phila., 112 Pa. 494; Harrisburg v. McCormick, 129 Pa. 213; Phila. v. Scholl, 68 Pa. Superior Ct. 404; Phila. v. Evans, 139 Pa. 483.

OPINION BY MR. JUSTICE SIMPSON, June 23, 1923:

On the trial of a sci. fa. sur municipal claim, filed to recover for the cost of paving Delaware Avenue in front of defendant's property (situated at the southeast corner of the avenue and Mifflin Street, in the City of Philadelphia), there being no objection to the agreement between the city and the contractor, or touching the character of the work done under it, the trial judge charged the jury that if they should "conclude that the neighborhood in which defendant's property is located [was] ripe for this character of development" at the time it was made, they should "find in favor of plaintiffs" but if they should conclude it was not then "ripe for development, for the construction of a street of this width, [they should] find a verdict in favor of defendant." The verdict was for plaintiffs, upon it judgment was entered, and defendant appeals.

It is gravely doubtful whether the evidence was sufficient to justify the submission of this question to the jury; but we shall not discuss the point, since it is clear that no other issue of fact was open for consideration, and hence the trial judge erred, if at all, in favor of and not against defendant.

The facts regarding the making and carrying out of the plans, which resulted in the opening of Delaware Avenue (of the width of 200 feet), in the development of the port of Philadelphia, and the removal of grade crossings in the southeastern part of that city, are sufficiently set forth in Chew v. Phila., 257 Pa. 589; and Phila. v. T. B. Rice & Sons Co., 274 Pa. 256, and need not be repeated here.

In the argument of this appeal, it was admitted that, when the avenue was opened, defendant claimed and received damages for the injury to its property. We are not now concerned with the amount thereof or how it was made up. The measure of the damages was the difference between the market value of the property before the opening, and its market value afterwards, as affected by the opening. In fixing this latter amount, the cost defendant would thereafter have to pay for paving the avenue in front of the balance of its property, as of the width then and now established, and calculated in the way such work is charged for in Philadelphia, should have been and presumably was taken into account, not as a distinct item of damage, but as one affecting the market value of that balance: Reyenthaler v. Phila., 160 Pa. 195; Albertson v. Phila., 185 Pa. 223. It follows that—as defendant, in that proceeding between him and the city, actually received, or had an opportunity to receive, an allowance for any unusual paving cost which might thereafter be charged against its remaining property, when (the proper time having arrived) the city should order this work to be done,—all questions regarding the width of the street and defendant's liability for the paving as of that width, were then adjudicated and settled between the parties, and appellant cannot be permitted, upon either of these grounds, to defeat the city's paving claim in this later proceeding between them.

Under the law of this State, but three other possible questions were open for consideration. (1) Was the assessment improper because calculated according to the foot-front rule? This is not made a ground of complaint, and indeed could not be in the absence of proof (and there is none) that the property was not in a built-up portion of the city,—the burden of proof upon this point, under section 20 of the Act of May 28, 1915, P. L. 599, 605, being on defendant: Phila. v. T. B. Rice & Sons Co., supra. (2) Was the property ripe for the improvement at the time the paving was done? As already

stated, this question was submitted to the jury and found against defendant. (3) Had the city the right to recover from defendant's property the pro rata cost of paving a portion of the street occupied by the tracks of certain railroad companies? The evidence produced by defendant to sustain its contention upon this point, tends to show only that because of the way the railroad companies have heretofore left their cars on the tracks, defendant has had little or no use of that part of the street when hauling to and from its property.

Assuming but not deciding that the city could have compelled the carriers to pay for paving the part they thus occupied (as, by its consent ordinances, it may in the case of street passenger railway companies: Article XVII, section 9, Constitution of Penna.), whether or not it should do so (there being no statute requiring them either to pave or to pay), was a matter of discretion, for its consideration alone (Phila. v. Evans, 139 Pa. 483; Phila. v. Bowman, 175 Pa. 91; Gilmore v. City of Utica, 121 N. Y. 561; 28 Cyc. 1111), and, hence, since it did not so require in regard to this paving, the objection necessarily fails. The cases cited by defendant (St. Paul & Pacific R. R. Co. v. Schurmeier, 7 Wallace 272; Willock v. Beaver Valley R. R. Co., 222 Pa. 590) show that its only possible remedy for the alleged improper use of the street is against the railroad companies in an entirely different character of proceeding. We may add, although it is not necessary so to do, that many of the abutting owners, including appellant, recognize that railroad facilities along the avenue are a great convenience, if not indeed a necessity, and utilize those tracks to bring freight to their respective properties.

Defendant's final contention is that, even though plaintiff could recover, if only the law of the State was to be considered, the judgment must be reversed, nevertheless, because its effect is to take its, defendant's, property, without due process of law, and to deny to it the equal protection of the laws, in violation of the 14th Amend-

ment to the Constitution of the United States. In the light of the foregoing statement of facts, the answer to this familiar contention is not difficult. By article XVI, section 8, of the Constitution of this State, an owner of property "taken, injured or destroyed" in the course of public improvements, is entitled to have "just compensation" therefore, which must always, on his request, be "determined by a jury according to the course of the common law." In the exercise of this right, defendant appeared in the proceedings under which the street was opened, and proved the amount of its damages, presumably including therein, as already stated, an allowance because of the future paving of the avenue at its present width. In the instant case it also appeared before and was heard by a judge learned in the law and a jury chosen in due course, upon all the issues it chose to make, so far as they were legally relevant. No other litigant could obtain greater rights than defendant has been accorded, and therefore it has had everything guaranteed to it by the 14th Amendment: Chicago, Burlington & Quincy R. R. Co. v. Chicago, 166 U. S. 226.

Although these considerations are conclusive of the present question, we will, out of respect to the earnest argument of defendant's counsel, also review briefly the federal authorities, which he alleges sustain his contention. In Mattingly v. District of Columbia, 97 U. S. 687, 692, it is said: "It may be that the burden laid upon the property of the complainants is onerous. Special assessments for special road or street improvements very often are oppressive. But that the legislative power may authorize them, and may direct them to be made in proportion to the frontage, area, or market value of the adjoining property, at its discretion, is, under the decisions, no longer an open question." This extract has been repeatedly quoted and approved, as see French v. Barber Asphalt Paving Co., 181 U. S. 324, 335.

In Louisville & Nashville R. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430, 433-4, it is further said:

"There is a look of logic when it is said that special
assessments are founded on special benefits, and that a
law which makes it possible to assess beyond the amount
of the special benefit attempts to rise above its source.
But that mode of argument assumes an exactness in the
premises which does not exist. The foundation of this
familiar form of taxation is a question of theory. The
amount of benefit which an improvement will confer
upon particular land, indeed whether it is a benefit at
all, is a matter of forecast and estimate. In its general
aspects at least, it it peculiarly a thing to be decided by
those who make the law. The result of the supposed
constitutional principle is simply to shift the burden to
a somewhat larger taxing district, the municipality, and
to disguise rather than to answer the theoretic doubt.
It is dangerous to tie down legislatures too closely by
judicial constructions not necessarily arising from the
words of the Constitution. Particularly, as was inti-
mated in Spencer v. Merchant, 125 U. S. 345, it is im-
portant for this court to avoid extracting from the very
general language of the 14th Amendment a system of
delusive exactness in order to destroy methods of tax-
ation which were well known when that amendment was
adopted and which it is safe to say that no one then sup-
posed would be disturbed. It now is established beyond
permissible controversy that laws like the one before us
are not contrary to the Constitution of the United States.
......A statute like the present manifestly might lead
to the assessment of a particular lot for a sum larger
than the value of the benefits to that lot......Upholding
the act as embodying a principle generally fair and doing
as nearly equal justice as can be expected seems to im-
port that if a particular case of hardship arises under it,
in its natural and ordinary application, that hardship
must be borne as one of the imperfections of human
things."

Neither Norwood v. Baker, 172 U. S. 269, as explained
in French v. Barber Asphalt Paving Co., supra, nor

Martin v. District of Columbia, 205 U. S. 135, is antagonistic to the foregoing. They raise and decide points which were similarly decided in our rural property cases of Washington Avenue, 69 Pa. 352, and Craig v. City of Phila., 89 Pa. 265, viz: that where the system of assessing the tax is necessarily unequal, an assessment made under it must fall with it. That this is the basis of the opinions of the Supreme Court of the United States is made clear by Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55, 58, which was later approved in Kansas City Southern R. W. Co. v. Road Improvement District No. 6, 256 U. S. 658.

In the former, it is said at pages 58-9: "The legislature may create taxing districts to meet the expense of local improvements, and may fix the basis of taxation without encountering the 14th Amendment unless its action is palpably arbitrary or a plain abuse: Houck v. Little River Drainage District, 239 U. S. 254, 262. The front-foot rule has been sanctioned for the cost of paving a street. In such a case it is not likely that the cost will exceed the benefit, and the law does not attempt an imaginary exactness, or go beyond the reasonable probabilities: French v. Barber Asphalt Paving Co., 181 U. S. 324; Cass Farm Co. v. Detroit, 181 U. S. 396, 497......
But, as is implied by Houck v. Little River Drainage District, if the law is of such character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred, the law cannot stand against the complaint of one so taxed in fact: Martin v. District of Columbia, 205 U. S. 135, 139."

Philadelphia v. T. B. Rice & Sons Co., supra, so often referred to in this opinion, might have been decided also upon the grounds hereinbefore set forth; it was in fact considered and determined upon those regarding which the parties to it chose to make their contest.

The judgment of the court below is affirmed.