IN RE APPLICATION OF THE CITY OF LINCOLN, NEBRASKA. CITY OF LINCOLN, NEBRASKA, APPELLANT, v. ANNA I. MARSHALL ET AL., APPELLEES.

74 N. W. 2d 470

Filed January 27, 1956. No. 33862.

*Jack M. Pace* and *Wayne R. Douce,* for appellant.

*Max Kier,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by the city of Lincoln to condemn and acquire by eminent domain a tract of land belonging to the defendant, Anna I. Marshall, for a public street. The verdict and judgment of the district court was for the defendant in the amount of $6,000. The city of Lincoln appeals.

The only issue before the trial court was the amount of damages sustained by the defendant as a result of the condemnation of the land for the purpose for which it was taken. The plaintiff alleges that the verdict and judgment is excessive as a result of errors committed by the trial court. The plaintiff has assigned three specific errors: (1) In permitting the introduction of evidence and in instructing the jury to consider future special assessments to be assessed against the property not taken, as an element of damages; (2) in refusing to permit plaintiff to lay a proper foundation for and make proof of sales of similar land to aid the jury in fixing the damages; and (3) in copying into the instructions material allegations of the pleadings which were unsupported by evidence.

The purpose of the taking was to complete the opening of Fiftieth Street in the city of Lincoln between O

and L Streets to a width of 60 feet. The land involved is specifically described in the petition. For the purposes of this appeal it will be described as a tract 240 feet wide fronting on O Street and 315.2 feet long extending south to N Street. The land taken is the west 30 feet of this tract, it now being the east 30 feet of Fiftieth Street between O and N Streets. The defendant William D. McClellan was made a party because he was in possession of the property as lessee. It appears, however, that he has assigned all his right, title, and interest in the property to the defendant Anna I. Marshall, and he has, therefore, no interest in the litigation. We shall hereafter refer to Anna I. Marshall as the defendant.

With respect to the first assignment of error, defendant alleged that the property not taken would be damaged by reason of the severance therefrom of the property taken "and this defendant will also be subjected to special assessments for paving, water and sewer in 50th Street, none of which improvements are required or could be assessed except for the taking of defendant's property for the opening of 50th Street." The plaintiff moved to strike the quoted portion of the answer, which motion was overruled by the trial court. Over objection, the defendant offered evidence that the property of the defendant not taken would be assessed approximately $2,420 for paving and $735 for water mains. The court submitted this evidence for the jury's consideration in fixing the amount of defendant's damages. The city consistently contended throughout the trial that this was error.

The record shows that the taking occurred on June 5, 1954. The damages must be assessed as of that date. Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200. The applicable rule is: "The jury in fixing the damages sustained by a landowner in consequence of the appropriation, or injury, of his property for a public use may take into account

every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of such property." Schulz v. Central Nebraska Public Power & Irr. Dist., 138 Neb. 529, 293 N. W. 409. See, also, Rath v. Sanitary Dist. No. 1, 156 Neb. 444, 56 N. W. 2d 741.

The general rule is that where a part of a tract of land is taken for a public use, the mere fact that the remainder may thereafter be subject to assessment does not constitute an element of damages in condemnation proceedings. 29 C. J. S., Eminent Domain, § 172, p. 1042; 18 Am. Jur., Eminent Domain, § 279, p. 918. The reason for this rule is that the damages are to be assessed as of the date of the taking. The question of whether or not the street should be improved by grading, paving, or otherwise, was a question wholly unrelated to whether or not the land should be taken and used by the city as a street. Proceedings to pave the street or to construct water mains thereon are necessarily separate and apart from the condemnation proceeding. Compensation for the taking or damaging of private property for a public use is to be ascertained and paid in full without regard to special assessments for benefits growing out of improvements that may be made in the future. City of Tulsa v. Horwitz, 151 Okl. 201, 3 P. 2d 841; Gaylord v. City of Bridgeport, 90 Conn. 235, 96 A. 936; Wayland v. City of Seattle, 96 Wash. 344, 165 P. 113; City of Detroit v. Beecher, 75 Mich. 454, 42 N. W. 986, 4 L. R. A. 813. The reasoning supporting the rule is well stated in the earlier Washington case of In re Harrison Street, 74 Wash. 187, 133 P. 8, wherein it is said: "In determining the damages to be paid when the city proposes to change the grade of the street under its right of eminent domain, the purpose of the inquiry is to ascertain the cost or damage to the owner to accommodate his property to the changed situation, irrespective of the power vested in the city to levy an

assessment against the property because of the benefits flowing from the improvement. Under the provisions of our constitution, the city cannot confer that benefit upon the property until it first ascertains and pays the damages suffered by the property. In other words, before the owner can fully avail himself of the benefit to his property, he will be put to certain expense in adapting his property to the changed condition which is in law a damage. This damage the city must pay him before it can confer the benefit upon him. Having fully compensated the owner for the damage he must suffer in availing himself of the benefit conferred upon him, the city has the right to collect the assessment representing that benefit. To accept appellant's contention would make the city pay both the damage and the benefit, which cannot be supported under any theory of law. The owner must pay for his benefit by way of assessment upon his property, and the city must pay the damage caused the owner in conferring that benefit."

We point out that the city must appropriate and pay for the land before it can make public improvements thereon. Special assessments thereafter made cannot be assessed in excess of the benefit accruing to the remaining property. To permit a recovery for such future assessments as a part of the damages for the taking is to permit a recovery of a benefit and not a damage. The assessment of benefits for future public improvements is a separate proceeding from the condemnation of the land for a public purpose and has no relation thereto. The benefits represented by the special assessments must be paid by the condemnee in the same manner and in the same proportion as other property owners benefited by the improvement. To permit their recovery as a part of the damages in the condemnation proceeding would in effect constitute a payment of the benefits by the city and not the property owner as the law requires. The condemnee would thereby be favored by escaping the payment for benefits which other property

owners, benefited by the improvement, are required to pay. Such a discrimination in favor of a condemnee has no standing in law.

The defendant relies upon a number of decisions from other jurisdictions, including Sterner v. Nixon, 116 N. J. L. 418, 185 A. 48; Reyenthaler v. Philadelphia, 160 Pa. 195, 28 A. 840; City of Chicago v. Koff, 341 Ill. 520, 173 N. E. 666; Old South Association v. City of Boston, 212 Mass. 299, 99 N. E. 235; Schuler v. Board of Supervisors of Lincoln Township, 12 S. D. 460, 81 N. W. 890; and Philadelphia v. Crew-Levick Co., 278 Pa. 218, 122 A. 300. An examination of these cases reveals that they are either not in point on their facts or that they do not deal with the precise point we have before us in the present case. To the extent any of them may appear to support a rule contrary to the one we have herein announced, they are not persuasive. The rulings of the trial court on this subject were clearly prejudicial to the rights of the city.

As to the second assignment of error, the record discloses that the city attempted to show sales of similar land in the vicinity as an aid to the jury in fixing the damages. Objections to this evidence were sustained by the trial court for the reason that similar sales could be used only on cross-examination and that they could not be properly used in the city's testimony in chief.

The applicable rule is: "In condemnation where the value of real estate is in issue, evidence of particular sales of other land may not be introduced as independent proof on the question of value, unless foundation is laid indicating that prices paid represented the market or going value of such land, that they were made at or about the time of the taking by condemnation and that the land so sold was substantially similar in location and quality to that condemned." Langdon v. Loup River Public Power Dist., 142 Neb. 859, 8 N. W. 2d 201. See, also, Papke v. City of Omaha, 152 Neb. 491, 41 N. W. 2d 751; Lynn v. City of Omaha, 153 Neb. 193, 43 N. W.

2d 527. It is plainly stated in the Langdon case that the applicable rule does not exclude testimony in chief as to the sale of other lands where proper and sufficient foundation has been laid to make such testimony of value. We think the trial court was in error in refusing to permit the city to lay a foundation for the admission of evidence of other similar sales of land in the locality, and erred further in refusing to admit such evidence where a proper foundation had been laid therefor.

The third assignment of error is that the trial court erred in copying into the instructions portions of the allegations of the pleadings upon which no evidence was offered. This is based upon the inclusion of an allegation in instruction No. 2 that defendant would be subjected to special assessments for paving, water, and sewer in Fiftieth Street when the evidence shows that no sewer would be constructed therein. We do not deem it necessary to determine whether or not prejudicial error was contained in this instruction in view of our holding herein that the allegations with regard to special assessments were wholly improper. Since a retrial of the case is required and the purported issue will be wholly removed, it is an academic matter under the present state of the record.

For the reasons herein stated, the judgment of the district court is reversed and the cause of action remanded for a new trial.

REVERSED AND REMANDED.