Argued December 14, reversed and remanded December 29, 1960

## CITY OF EUGENE *v.* WILEY ET UX
### 358 P. 2d 286

*Herman P. Hendershott,* Eugene, argued the cause for appellant. With him on the brief was Robert B. Carmichael, Springfield.

*C. Robert Altman*, Eugene, argued the cause for respondents Warren C. Wiley and Gene B. Wiley. With him on the brief was E. B. Sahlstrom, Eugene.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

O'CONNELL, J.

This is a condemnation suit brought by the city of Eugene to acquire an easement for a sewer line across defendants property after defendants had refused the city's offer of $100 for the interest proposed to be taken. The jury awarded defendants $1,500 as compensation for the easement. Judgment was entered on the verdict, together with an award of interest and attorney's fees. Plaintiff appeals.

At the trial defendants contended that one element of their damages resulting from the condemnation was the proposed assessment which would be levied upon their property after completion of the improvement for which their property was being taken. Their contention was, and is, that the proposed assessment is a burden on their property which a prospective purchaser would consider in making an evaluation of it. The trial judge agreed with defendants' contention, and over plaintiff's objections, allowed testimony as to the probable amount of the assessment. The judge instructed the jury to consider the proposed assessment as a burden upon defendants' property and that it was a proper element of damages. He did, however, further instruct that against this burden there should be set off the benefit, if any, accruing to the defendants' property by reason of the improvement.

Proceedings for condemnation are entirely distinct and separate from proceedings for assessment.

If a property owner is not satisfied with the offer made for his property which is to be taken, the governmental unit must bring suit to condemn, as was done in this case. The jury then determines the value of the property taken. That action is entirely independent from proceedings which may later be taken to assess the cost of improvements to the property owners who will receive the benefit of them. When improvements are completed and assessments are imposed an aggrieved property owner has a clear statutory remedy. ORS 224.060 provides for appeal to the circuit court within 20 days of the assessment. ORS 224.070 provides that the appeal shall operate as a stay of the assessment proceedings. Specifically stated as grounds for appeal are the issues of whether the property is benefited to the extent of the assessment and whether the assessment is fairly and equitably apportioned. A jury trial is granted as a matter of right. And the judgment upon the appeal "shall determine the validity of the assessment * * * and the amount of the assessment which shall be lawful and proper against the property."

■ The reason for the rule disallowing the prospective assessment as an element of damages in the condemnation proceeding is ably stated by the Nebraska court in *City of Lincoln v. Marshall,* 161 Neb 680, 684-685, 74 NW2d 470, 472-473 (1956) as follows:

"* * * The assessment of benefits for future public improvements is a separate proceeding from the condemnation of the land for a public purpose and has no relation thereto. The benefits represented by the special assessments must be paid for by the condemnee in the same manner and in the same proportion as other property owners benefited by the improvement. To permit their recovery as a part of the damages in the condemnation proceeding would in effect constitute a payment of the

benefits by the city and not the property owner as the law requires. The condemnee would thereby be favored by escaping the payment for benefits which other property owners, benefited by the improvement, are required to pay. Such a discrimination in favor of a condemnee has no standing in law."

To the same effect is *In re Harrison Street*, 74 Wash 187, 133 P 8 (1913). It is our opinion that the rule of these cases is sound; we endorse and adopt it.

It follows that the judgment of the trial court must be reversed. The judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.