[No. 9557.   Department Two.   May 25, 1911.]

ELSIE WARREN et al., *Respondents*, v. WILLARD KEARNEY, *Appellant*.[1]

APPEAL—REVIEW—EXCLUSION OF EVIDENCE—HARMLESS ERROR. Error in the exclusion of evidence is not prejudicial where the fact was clearly proven by other evidence.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. In an action for slander in charging incest, in which the defendant pleaded in justification that the charges were true, and that was the principal issue and the fact of publication was not seriously denied, it is not prejudicial error that the court instructed the jury that they must find for the defendant if the charges were true, "otherwise for the plaintiffs," where, by other instructions, the burden of proving the complaint was placed upon the plaintiff.

SAME. Where the jury is not misled, it is not prejudicial error that the instructions were not given in the usual order and that those consistent with the plaintiff's theory were given last.

LIBEL AND SLANDER—DAMAGES—EXCESSIVE VERDICT. A verdict for $3,000 for slander in charging a woman with incest will not be set aside as excessive, where there was nothing to indicate passion or prejudice on the part of the jury.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 9, 1910, for three thousand dollars, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for slander.   Affirmed.

[1]Reported in 115 Pac. 739.

*John M. Wilson* and *G. C. Israel,* for appellant.

*Troy & Sturdevant,* for respondents.

CHADWICK, J.—This is an action for civil damages, claimed to have been sustained by respondents, who are husband and wife, because of certain slanderous utterances and accusations made by appellant and directed against the good name and fame of respondent Elsie Warren, whom we shall hereafter refer to as the respondent.

The errors most relied on—five in number—go to the rejection of testimony. We have examined the whole record with care, and are convinced that, either the testimony offered and rejected was irrelevant, or the fact sought to be proven was clearly brought out in other parts of the record. Counsel sought to show the home life of respondent and her relations to her father, as well as the father's relations to the other members of his household. While barred at certain avenues, the case of appellant was conducted with such skill that every material fact relied on as a defense was open for argument to the jury. We shall not indulge in the detail of this evidence, not enough even to give permanent value to this opinion, as it would neither elucidate a principle nor illuminate the law.

The court instructed the jury as follows:

"As already stated, the defendant in this cause pleads as an affirmative defense that the plaintiff Elsie Warren, for and during a period of several years last past, has had incestuous carnal relations with Francis Kearney, mentioned in the complaint as the father of said Elsie Warren, and that these relations have existed from a period prior to her alleged marriage to said Wallace Warren down to and including the time of the answer, and that defendant alleged that the facts which the plaintiffs in their complaint charge the defendant with having stated, with reference to the relations between the plaintiff Elsie Warren and her father, Francis Kearney, are true. I instruct you, gentlemen of the jury, that, in an action such as this, truth of the statements made is a complete defense. A person charged with such a slander

may in his answer allege the truth of the matter charged as defamatory, and if he proves by a fair preponderance of the evidence the truth of such charge, to the satisfaction of the jury, such proof is a complete justification as against the action. *I instruct you that in this case the defendant has affirmatively pleaded that the charges in the complaint made against him are true,* and as stated if the truth of such statement is shown to your satisfaction, in the manner and form as you are advised under all these instructions and under all the evidence in the case, then your verdict shall be for the defendant; otherwise, for the plaintiffs."

The italicized portion of the instruction is assigned as error. It is said that, if the instruction is permitted to stand, the plaintiff might recover "without the necessity of any proof by her of the utterance of the alleged slanders, or any of them, by the defendant, notwithstanding his answer in which he denies that he made any of the statements attributed to him." As an abstract proposition this may be true, but the instruction taken as a whole, and when coupled with the justifying allegations of defendant's answer, will not be held to be prejudicial. The fact that the defendant uttered the alleged slanderous words was not seriously denied by.him when called as a witness in his own behalf, and his whole case goes upon the theory that the charges made by him were true and justified. In another part of the court's charge it is said:

"The burden of proof is upon the plaintiff to prove all the essential allegations of the complaint (other than the residence of plaintiff Elsie Warren which is admitted by defendant) by a fair preponderance of the evidence."

If proof were lacking, or at all uncertain, as to the publication of the slanders, there might be some merit in appellant's contention. In the light of the whole case, we find no error in the court's instruction.

It is also contended that the instructions of the court were so arranged as to leave in the minds of the jurors an emphasis in favor of the respondent's case. It is true that the in-

structions were not given in the customary order, but there is nothing to indicate that the jury was misled in any way, or that it was influenced by the fact that the court in closing his instructions delivered those which were consistent with the theory of the plaintiff's case.

It is finally alleged that the damages are excessive. They are substantial, but we are not prepared to say that they are so excessive as to indicate passion or prejudice on the part of the jury. If there was anything in the case to indicate that the jury has accepted defendant's evidence as true in any part or particular, we would not hesitate to reduce the verdict. But it rejected it entirely, as it was bound to reject the evidence of one side or the other, for in this case there is no middle ground. Respondent was either as chaste as Diana or as foul as Phryne. Consequently respondent stands before us a woman of pure and spotless character, and as such is entitled to receive a reward in damages commensurate to the assaults upon the good character which the jury found she has hitherto enjoyed.

Judgment affirmed.

ELLIS, MORRIS, and CROW, JJ., concur.