SECOND DISTRICT—FEBRUARY, 1916.     175

American Steel & Copper Plate Co. v. Bilter, 200 Ill. App. 175.

## American Steel & Copper Plate Company, Appellee, v. H. H. Bilter et al., Appellants.

### Gen. No. 6,162.   (Not to be reported in full.)

Appeal from the Circuit Court of Du Page county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Bill in aid of execution by American Steel and Copper Plate Company, complainant, against H. H. Bilter and others, defendants. From a decree setting aside a conveyance by defendant and subjecting the property to the lien and payment of the judgment and execution, defendants appeal.

On May 23, 1913, H. H. Bilter, his wife and two sons, Raymond R. Bilter and H. C. Bilter, the four defendants, were living as one family in a residence owned by H. H. Bilter in Elmhurst, DuPage county, Illinois. He also owned a farm of about 293 acres in the same county, and was indebted to parties other than complainant in amounts aggregating $24,550. On that date summons was served upon him in a common-law

suit by the plaintiff, American Steel & Copper Plate Company. Four days thereafter for an expressed consideration of $1 he conveyed, his wife joining with him, all said real estate to said two sons by deed that was duly recorded. The common-law suit brought by complainant terminated October 18, 1913, in a judgment against him of $442.31. Execution issued therein, and he filed a schedule of his personal property showing a valuation of less than his exemptions of $400. The execution was levied on all the real estate so conveyed and complainant filed its bill in equity in this case in aid of the execution. Issues were joined, the cause referred to the master in chancery who reported the evidence with his conclusion that the prayer of the bill be granted. Objections and exceptions to the master's report were filed and overruled, and a decree entered setting aside the conveyance and subjecting the property to the lien and payment of the judgment and execution, from which decree this appeal was prosecuted.

The evidence showed that the real consideration for the conveyance was an agreement in writing by the grantees to assume and pay the before mentioned indebtedness of their father to parties other than plaintiff; and that the grantees understood that the transfer covered all the real estate and personal property of their father. Evidence was introduced by plaintiff as to the market value of the real estate, from which the master found that at the time of the transfer the fair cash value of the residence in Elmhurst was $6,000 and of the farm $45,415, making an aggregate of $51,415. No evidence to the contrary was introduced except that it was shown, subject to objection, that the assessed valuation of the property for purposes of general taxation was less than the amount agreed by the grantees to be paid for it, and the grantees testified that at the time of the transfer they arrived at the value of the property by a computation as to its net revenue, and the result was about the amount they agreed to pay for

it. The property had a market value. The master concluded that the amount agreed to be paid by the grantees was about forty-five per cent. of the value of the property.

The grantees testified they did not, at the time of the transfer, know of their father's indebtedness to plaintiff, and there was no direct evidence that they did then know of it. The parties continued to live together under an arrangement, they said, that the father should work for the grantees for his board.

FRED A. DOLPH, WILLIAM H. GALLAGHER and S. L. RATHJE, for appellants.

CHARLES S. WILLISTON, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 63*—*when evidence as to assessed valuation of property immaterial in determining value.* Where property has a market value, evidence as to its assessed valuation is incompetent and immaterial.

2. EVIDENCE, § 63*—*when market value may not be determined on basis of revenue.* The market value of property may not be determined by computation of what it would be worth on the basis of revenue.

3. FRAUDULENT CONVEYANCES, § 268*—*when evidence sufficient to show conveyance for insufficient consideration.* On a bill in aid of execution to subject real estate conveyed by a father to his children to the payment of debts, evidence *held* sufficient to sustain a finding that the property was conveyed for a consideration less than half its value.

4. FRAUDULENT CONVEYANCES, § 271*—*when evidence sufficient to sustain finding that grantees had knowledge of grantor's indebted-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CC 12

*ness to creditor.* On a bill in aid of execution to subject real estate which was conveyed by a father to his children for an inadequate consideration, consisting of the assumption of all the debts of the grantor except that owed to one creditor, evidence *held* sufficient to sustain a finding that grantees had notice of the indebtedness of the grantor to such other creditor.

5. FRAUDULENT CONVEYANCES, § 80*—*what constitutes voluntary gift of property invalid in equity.* The conveyance by a debtor of all his property to his children for a consideration, consisting of the assumption of all the debts of the grantor except one, which' consideration is only about one-half the value of such property, constitutes a voluntary gift over to the assignees, and will be set aside in equity at the instance of such other creditor regardless of whether or not the grantees have knowledge of such other debt.

6. FRAUDULENT CONVEYANCES, § 87*—*when no presumption as to lack of good faith arises from sale to relatives.* A debtor in failing circumstances may convey his property to his relatives, and if there are no indications of fraud no presumption arises from the relationship.

7. FRAUDULENT CONVEYANCES, § 87*—*when to be considered to impeach conveyance.* The fact of relationship between an indebted grantor and the grantee of property may be considered with other evidence as tending to impeach the conveyance.

8. FRAUDULENT CONVEYANCES, § 65*—*what is badge of fraud.* Inadequacy of consideration for the conveyance of property by an indebted father to his children is a badge of fraud.

9. APPEAL AND ERROR, § 365*—*when grantee of property set aside as invalid against creditor not entitled to decree for reimbursement of consideration paid.* A grantee of property which is set aside as invalid against creditors is not entitled to protection in equity for the payment of part of the consideration, where he fails to ask such protection from the court.