[No. 13736.  Department Two.  May 18, 1917.]

*In re* NORTHLAKE AVENUE.

MARGARET WAYLAND *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

EMINENT DOMAIN—VALUE OF PROPERTY — EVIDENCE — ASSESSMENT ROLLS—ADMISSIBILITY.   Upon an issue as to the value of property condemned by a city, assessment rolls are not admissible against the city as an admission against interest because the city took part in making up the rolls by representation on the board of equalization.

EVIDENCE—JUDICIAL NOTICE — ASSESSED TAX VALUES.   The courts take judicial notice that assessed values for taxation are relative rather than actual and that the board of equalization does not correct the valuations as a whole.

EMINENT DOMAIN — VALUE OF PROPERTY — EVIDENCE — ASSESSED VALUE—ADMISSIBILITY.   In condemnation proceedings by a city, assessment rolls for general taxation are not independent evidence of the market value of the property where that is the sole issue.

SAME—VALUE OF LAND—EVIDENCE—ADMISSIBILITY.   The value of land taken for a street cannot be augmented by showing the ownership of adjacent tide land tracts giving the tract physically invaded a water outlet, where the tracts were separated by a street and were not used in common and could only be so used by using the intervening street.

APPEAL—REVIEW—DISCRETION—COMPARATIVE VALUES.   Upon an issue as to the value of land taken, the admission of evidence of the price paid for lands in the same vicinity some distance away is largely a matter of discretion, to be reviewed only for abuse.

EMINENT DOMAIN — VALUE OF PROPERTY — EVIDENCE — APPRAISE-MENTS—ADMISSIBILITY.   In condemnation proceedings, the valuation of appraisers fixing the amount of the inheritance tax is not competent evidence of the market value; since it is *res inter alios acta.*

[1] Reported in 165 Pac. 113.

SAME—VALUE OF PROPERTY — ELEMENTS OF DAMAGE — STREET AS-
SESSMENTS. In proceedings to condemn for a street land that had
already been assessed for an abutting improved street, the amount
of the former assessment cannot be shown as a specific element of
damage, where the work was done by the city and not by the owner,
although the owner is entitled to show all the facts and circum-
stances enhancing the market value of the land; e. g., that it was
upon a paved street and that the segregated part would be left
without any paved street.

SAME. In such a case, the probable cost of a new grade and new
paving is not recoverable, since such cost cannot be imposed upon
land except as it is benefited, and because it is too uncertain and
remote.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. Upon an issue as
to the value of lands for manufacturing purposes it is harmless error
to exclude a map showing the location with reference to a railroad,
where the facts were shown by other evidence and the map had
slight probative value.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 20, 1916, upon the ver-
dicts of a jury, awarding damages in condemnation proceed-
ings. Affirmed.

*Carkeek & McDonald*, for appellants.

*Hugh M. Caldwell, Walter F. Meier*, and *Howard A. Han-
son*, for respondent.

FULLERTON, J.—The city of Seattle, by ordinance, pro-
vided for widening and extending a street situated within its
boundaries, known in the record as Northlake avenue. The
work required taking and damaging certain tracts of land
owned in severalty by a number of persons. This action was
brought to condemn the necessary land and to ascertain the
just compensation required to be paid to the several owners.
Among the tracts of land taken and damaged, were tracts be-
longing to the appellants in this action, who appeal because
dissatisfied with the award made them. The errors assigned
all relate to rulings of the court excluding evidence offered to
show the value of the property taken.

The appellants Wayland, Monks, and Magnesia Asbestos Supply Company, in presenting their case to the jury, offered in evidence the assessment roll of King county showing the values placed on their properties by the county assessor, and the values upon which they had paid taxes, for some five years immediately prior to the trial. The rejection of this proffered testimony is the first error assigned. The appellants concede the general rule that tax rolls are not competent evidence of the value of property in actions not pertaining to the question of taxation where value is the sole issue sought to be proved, but they contend for an exception to the general rule. They rely on the fact that it is the city of Seattle which is condemning, and that the city has had a part in making up these assessment rolls, in that it has had a representative on the county board of equalization during the period of time covered by the proffered rolls. In other words, it is contended that the rolls were admissible as declarations against interest. There are cases from jurisdictions where the property holder is required by law to file with the assessor a sworn statement showing the character of the property owned by him, with an estimate of its value, which hold that such sworn statement is competent evidence, in an action between the owner and a stranger when the value of the property is an issue, to contradict the owner and as a declaration against interest; but the cases on the question, even as thus limited, are by no means uniform. However, we think the rule, if conceded, could have no application to the question here presented. The city, as the representative of the public, performs many functions, more or less widely related, acting through separate and independent officers, and it may be questioned, we think, whether the acts and declarations of its officers in the performance of one of such functions could, in any case, be evidence against it while in the performance of another. But clearly it cannot be so when the functions are so distinct that its acts in the one in no manner stultify or annul its acts in another. Had the city, in the

present instance, called its assessing officers as witnesses and had they testified in contradiction of the assessment rolls, doubtless the appellants could have questioned them concerning their former representations, and had they remained obstinate, could have introduced the rolls to contradict them, or they could have made them their own witnesses and taken their opinions as to the values of the property. But the assessment rolls were not independent evidence of the values of the property on the issue as here presented.

Again, in this jurisdiction, the assessor places his own values on real property for the purposes of taxation. It is a matter of common knowledge, of which the courts can take judicial notice, that the valuations placed thereon by such officers for such purposes are relative rather than actual, that the functions of the board of equalization are not to correct insufficient or excessive valuations as a whole, but are to correct erroneous valuations, as applied to an individual or a community of individuals, so that the individual or the community of individuals are not called upon to bear either more or less than their just proportion of the burden of taxation. For these reasons, and for the further reason that the evidence is at best but secondary, the courts maintain the rule that assessment rolls are not independent evidence of the market value of real property in cases where such market value is the sole question at issue. The principles apply to the present case, and the court did not err in its rulings.

The appellant Magnesia Asbestos Supply Company makes the further contention that the court erred in refusing to permit it to show that its land had an additional value by reason of the fact that it owned adjacent shore lands abutting upon Lake Union which gave the land a water outlet. This land was separated from the lands a part of which was taken by a street, and was not included as lands taken or damaged in the petition to condemn. The tracts were. not used in common, and the most that could be said concerning them is that they could be so used by making use of the in-

tervening street. The general rule is that it is only the tract of land physically invaded that can be considered in assessing either damages or benefits (*In re Queen Anne Boulevard,* 77 Wash. 91, 137 Pac. 435), and we are clear that there was no such relation between the two tracts as to require the jury to consider the one in estimating damages to the other. See, also, *Seattle v. Dexter Horton Trust & Sav. Bank,* 90 Wash. 661, 156 Pac. 844.

A witness called to testify as to the value of the property of the last named appellant was at first permitted to state the price he had paid for lands in the same vicinity although some distance from the land in question. Afterwards, on motion of the city, the testimony was withdrawn from the consideration of the jury, and error is assigned thereon. The trial court was of the opinion that the properties were not sufficiently similar in character and were too widely separated to render the evidence of probative value. These are matters on which no general rules can be laid down, and when and when not such evidence is admissible must rest largely in the discretion of the trial court, to be reviewed only for manifest abuse. We find no error in the ruling.

The appellant Wayland offered to show that the property taken in which she was interested had recently been administered upon in the probate court; that, in the course of administration, it had been appraised by the three disinterested competent persons appointed by the court as appraisers, and that an inheritance tax had been paid to the state based on the values shown by the appraisement; and proffered the return showing the appraisement as evidence of the value of the property. The trial court rejected the offered proofs, we think rightly. Many of the reasons for the rejection of the tax rolls are applicable to this return, but, in addition, the probate proceedings with reference to this proceeding fall within the maxim of *res inter alios acta,* and can in no way be binding upon, or be evidence against, those who were not parties to them.

The appellants Quinn, Rominger, and Shelton assign error upon the rulings of the court refusing to permit them to show as an element of damages (we quote the language of their brief) "that the streets in front of their property were already graded, and that, in case of a change of grade, they would have to pay another assessment for the regrading of the street, and that the cost of the first grade was a proper element to be allowed them as gross damages." With reference to the land taken, the appellants were entitled to its fair market value. To establish such value, they were entitled to bring before the jury every fact and circumstance relating to the land which would fairly and reasonably tend to enlighten them as to such value, and if the land so taken had bordering upon it a graded and paved street, undoubtedly they were entitled to show this fact as an element tending to enhance its value. So with reference to the land not taken, they were entitled to show, among other elements of damage, the fact that, by the segregation of the part sought to be condemned, the remaining land would be left without a paved or graded street. But as we read the record, the court did not deny them these privileges. What it did deny them was the privilege of showing, as specific elements of damage, the amount their property had been assessed for paving the existing street and the amount their property would probably be assessed for paving the new street. We think it clear that neither of these was an element of specific damage. If the appellants had graded and paved the streets at their own cost, such cost might have been shown on the principle which permits the price at which the land was bought to be shown, namely, as a circumstance tending to show the market value of the land. But the appellants neither graded nor paved the street at their own cost. The work was done by the municipality, and the appellants paid according to the benefits the work conferred upon their property. This sum they recover in the enhanced market value of the property, and to permit them to recover the amount paid, as a specific element

of damage, would be to permit a double recovery for the same injury. *In re Harrison Street*, 74 Wash. 187, 133 Pac. 8.

The probable cost of a new grade and new paving is not recoverable for two reasons. In the first place, the duty to grade and pave a street in this jurisdiction is a municipal duty. The cost cannot be imposed upon private property except in those cases where the property is benefited by the work, and then only in an amount which does not exceed the benefits. The property owner does not, therefore, contribute to the expense from his own resources; he but refunds to the city in one kind of property that which the city has from the necessities of the case conferred upon him in property of another kind. In the second place, the cost of grading and paving a street that may thereafter be assessed upon abutting property is too uncertain, remote, and contingent to be recovered as damages in a condemnation proceeding brought to condemn land for the creation of the street. The city may or may not cause the street to be graded or paved; or, if it does, it has a wide choice of methods, it may establish the grade upon one line or another, and may order it paved to one width or another, and with any one of a variety of materials the cost of which will vary with the character of grade and materials chosen. Unless these are known in advance, which was not the case here, there is no basis upon which the jury can estimate the cost. *Detroit v. Beecher*, 75 Mich. 454, 42 N. W. 986, 4 L. R. A. 813.

The appellants Eason and Eyanson own land adjacent to the track of a railway company. They introduced evidence tending to show that their property was available for manufacturing purposes, and its location with reference to the railway company's track, and tendered in evidence a map on which was delineated a line showing the manner by which the property could be connected with the existing railway by the construction of a spur track. The court refused to permit the map to go to the jury, and the appellants excepted. The map could properly have been submitted to the jury, but we

think the refusal of the court to admit it was nevertheless not reversible error. The surroundings were shown and, from the position of the land relative to the existing railway track, it is evident that the land could be connected with the railway track by a spur running in any one of a number of different directions. The map, therefore, had no special probative value, and it is impossible to conceive that the verdict of the jury would have been different had the map been submitted to them. The material inquiry was the relation of the land to the railway, and as this was sufficiently shown by other evidence in the record, the evidence offered was merely cumulative. This we have held is not necessarily a ground for reversal, and considering its slight probative value, we cannot so hold in this instance. *Warren v. Kearney*, 63 Wash. 369, 115 Pac. 739; *Klodek v. May Creek Logging Co.*, 71 Wash. 573, 129 Pac. 99.

Our conclusion is that the judgment should be affirmed. It is so ordered.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.