[No. 15815. Department One. July 20, 1920.]

AMERICAN STATE BANK, *Appellant*, v. GEORGE W. BUTTS *et al., Respondents.*[1]

EVIDENCE (48)—COMPETENCY—VALUE OF PROPERTY. The assessment rolls showing the assessed valuation of property are not competent evidence of the value, as between the owner and third persons.

FRAUDULENT CONVEYANCES (16)—EXEMPT PROPERTY. A conveyance of a homestead, exempt because of less value than $2,000, is not fraudulent as to creditors.

Appeal from a judgment of the superior court for Whitman county, Truax, J., entered September 29, 1919, upon findings in favor of the defendants, dismissing an action for equitable relief, tried to the court. Affirmed.

*G. E. Lovell*, for appellant.

*Samuel P. Weaver* (*S. H. Boyles*, of counsel), for respondents.

MACKINTOSH, J.—The appellant recovered a judgment against George W. Butts and wife on a promissory note, dated July 1, 1917. In January, 1918, the note was overdue and payment had been demanded. On the 24th of that month, Butts transferred two hundred acres of real property, being all of the property standing in his name, to his daughter, Dollie E. Fish,

[1]Reported in 191 Pac. 754.

a girl then of the age of about twenty years, and who lived at home with her parents. On March 2, 1918, judgment was taken against him on the note, execution was issued, and a return made of "no property found." Thereupon the appellant began this action to have set aside as fraudulent the transfer from Butts and wife to their daughter. The property transferred constituted the homestead of Butts and wife, the appellant saying in its brief, "we are willing to admit that this is a homestead."

The appellant's suit, then, amounts to this; that it is asking to have the homestead returned to Butts and wife for the reason that the transfer to their daughter was fraudulent, so that the lien of its judgment may attach to that residue which would remain after the deduction of the homestead exemption, the statute providing for the reaching of the excess in value of real estate claimed as a homestead over the amount exempted from execution. *Traders' National Bank v. Schorr*, 20 Wash. 1, 54 Pac. 543, 72 Am. St. 17. It is self-evident that, if the transfer to the daughter was of property which did not exceed in value the $2,000 exemption, the question of whether the transfer was made in good faith or not is immaterial. Our first search, therefore, will be into the evidence to determine whether there was any proof establishing the value of the homestead at the time of the transfer, and if that search reveals no testimony showing that the value was in excess of $2,000, we are not called upon to look farther into the transaction.

The testimony of the respondents and their witnesses was that the homestead, in January, 1918, did not exceed $2,000 in value, and that that was the sum which the daughter paid. The testimony of the appellant is remarkably free from any evidence as to the value,

being confined entirely to the testimony of a deputy county assessor, who testified that the assessment rolls, presumably for the year 1918, showed that the property had been assessed for $1,700, and that the ratio fixed by the state board of equalization for assessment was 38 7/10 per cent of the real value. This was not evidence at all of the fair market value. The production of assessment rolls showing the assessed value has been held not to be any evidence of market value as between parties other than the owner and the assessing municipality. *In re Northlake Avenue,* 96 Wash. 344, 165 Pac. 113, Ann. Cas. 1917 C 341; *Savannah A. & M. R. v. Buford,* 106 Ala. 303, 17 South. 395; *Martin v. New York etc. R. Co.,* 62 Conn. 331, 25 Atl. 239; *Kenerson v. Henry,* 101 Mass. 152; *Ridley v. Seaboard & R. R. Co.,* 124 N. C. 37, 32 S. E. 379; *Anthony v. New York etc. R.,* 162 Mass. 60, 37 N. E. 780; *Pratt Consol. Coal Co. v. Morton,* 14 Ala. App. 194, 68 South. 1015; *Mayor etc. of Baltimore v. Carroll,* 128 Md. 68, 96 Atl. 1076; *Kelley v. People's etc. Bank,* 181 Ill. App. 142; *American Steel etc. Co. v. Bilter,* 200 Ill. App. 175; *Marine Coal Co. v. Pittsburgh etc. Co.,* 246 Pa. St. 478, 92 Atl. 688; *Girard Trust Co. v. City of Philadelphia,* 248 Pa. St. 179, 93 Atl. 947.

The assessing officer who had actually made an assessment might be qualified to testify as to market value, but the production of the books of the assessor's office and the testimony of some employee of that office as to their contents is not competent evidence to establish the disputed matter of this case.

There being, therefore, no evidence in the case showing that the property transferred to the respondent Dollie E. Fish was in excess of the value of $2,000, it would be an idle and useless thing to order the property reconveyed to her parents, even if the testimony

should be clear and convincing that the transfer to her was fraudulent.

For the reasons stated, the trial court properly found for respondent. Judgment affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.