[No. 10599-3-II. Division Two. January 30, 1989.]

WILLIS L. MCCLURE, ET AL, *Respondents,* v. GARY DELGUZZI, *Appellant.*

Brian E. Lawler, Andrew W. Maron, and Short & Cressman, for appellant.

Danferd W. Henke, Lisa L. Pan, and Helsell, Fetterman, Martin, Todd & Hokanson, for respondents.

WORSWICK, J.—Gary Delguzzi appeals an order denying his two motions to set an upset price for a foreclosure sale, and an order confirming the sale. He contends that the court considered incompetent evidence at both motion hearings. We reverse, because the court relied exclusively on incompetent evidence in making its decision following the second hearing.

Delguzzi acquired the property in question from Willis and Diana McClure for a stated price of $59,000 as part of a larger transaction. Apparently forewarned that the McClures would bid $15,000 at the scheduled foreclosure sale, Delguzzi moved for an order setting an upset price. After considering the motion on affidavits and other written materials, the court apparently denied it without prejudice.[1] The McClures did indeed submit the only bid—$15,000—whereupon, following the McClures' motion for a confirmation order, Delguzzi again moved for an order setting an upset price. A formal order denying both of his

---

[1]The only record given us of the court's action at the first hearing is a copy of the clerk's minutes. Also missing from the record is any support for Delguzzi's representations as to what the judge said at that hearing.

motions, and a second order confirming the sale, were entered in due course.

After the second hearing, the court issued a memorandum opinion in which it analyzed the evidence considered at both hearings. Alluding, among other things, to Delguzzi's inconsistent position as to the property's value in an earlier related case, the court said that it was not persuaded that an upset price was indicated by the evidence presented at the first hearing. As to the second hearing, it noted that the McClure bid was within 70 percent of the $21,500 assessed value, held that assessed value was relevant to true market value, and also denied Delguzzi's second motion. Delguzzi advances a general attack on the court's analysis of all evidence at both hearings. We hold that the court erred by relying on only assessed value in ruling on the second motion.

RCW 61.12.060, under the authority of which both motions were heard, provides:

> Judgment—Order of sale—Satisfaction—Upset price. In rendering judgment of foreclosure, the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action. The payment of the mortgage debt, with interest and costs, at any time before sale, shall satisfy the judgment. *The court, in ordering the sale, may in its discretion, take judicial notice of economic conditions, and after a proper hearing, fix a minimum or upset price to which the mortgaged premises must be bid or sold before confirmation of the sale.*
>
> *The court may, upon application for the confirmation of a sale, if it has not theretofore fixed an upset price, conduct a hearing, establish the value of the property, and,* as a condition to confirmation, require that the fair value of the property be credited upon the foreclosure judgment. If an upset price has been established, the plaintiff may be required to credit this amount upon the judgment as a condition to confirmation. . . .

(Italics ours.) This statute gives the court discretion to make one of two alternative decisions: first, *before* sale, whether to set a minimum bid, or upset price; second, *after*

sale, whether to set a fair market value. Although these determinations involve similar considerations, it is self–evident that a minimum or upset price is not the same as fair market value, and that the decisions are not the same. These decisions are discretionary. *National Bank v. Equity Investors,* 81 Wn.2d 886, 924, 506 P.2d 20 (1973); *Braman v. Kuper,* 51 Wn.2d 676, 681, 321 P.2d 275 (1958). Discretion is abused only if no reasonable judge could have made the decision. *Jewell v. Kirkland,* 50 Wn. App. 813, 819, 750 P.2d 1307 (1988).

The trial court did not abuse its discretion in deciding not to set an upset price after the first motion. It gave due consideration to Delguzzi's contentions that economic conditions and uniqueness of the property required an upset price. *See American Fed. Sav. & Loan Ass'n v. McCaffrey,* 107 Wn.2d 181, 728 P.2d 155 (1986). It rejected the contentions because it found the evidence unconvincing, largely because of a lack of credibility. Having reviewed the same evidence, we cannot say that the court abused its discretion.[2]

We do, however, conclude that the court abused its discretion in ruling on the second motion. Notwithstanding the form of Delguzzi's second motion, the only issue properly before the court was not whether an upset price should be set, but whether a fair market value should be placed on the property. In deciding for a second time not to set an upset price, the court relied exclusively on the assessed value as "the only indication of fair market value that is not impeached." At this point, it was within the court's

---

[2] Delguzzi's argument that at the first hearing the court considered evidence inadmissible under the rules of evidence appears misplaced. Both the statute and the cases give the court wide latitude concerning the kind of information that can be considered in setting an upset price. *E.g.,* RCW 61.12.060 ("may . . . take judicial notice of economic conditions"); *Lee v. Barnes,* 61 Wn.2d 581, 379 P.2d 362 (1963) (court should assume the position of a competitive bidder; any evidence—opinion or fact—that might influence bid may be considered). Delguzzi's specific argument, that the court erred in considering Delguzzi's inconsistent position concerning value in another lawsuit, is without merit. Delguzzi's earlier position amounts to an admission against interest. *See* ER 801(d)(2).

discretion to determine that no credible evidence of value had been presented and to decline to set a value, but it did not do this. Instead, the court went on to compare the bid to the assessed value, and determined that the bid was fair because it was 70 percent of the assessed value. Thus, the court's ruling, notwithstanding its form, amounted to an "establishment" (RCW 60.12.060) of the property's value at assessed value. This was error.

▆ It is settled that assessed value is not to be considered in determining fair market value. *American State Bank v. Butts,* 111 Wash. 612, 191 P. 754, 17 A.L.R. 168 (1920); *In re Northlake Ave.,* 96 Wash. 344, 165 P. 113 (1917). Contrary to the trial court's view, these cases are not distinguishable because of changes in the law concerning property valuation.[3] The rationale of the decisions was general knowledge that, notwithstanding statutory requirements, assessor's values were relative, not actual. *See Northlake Ave.,* 96 Wash. at 347. Nothing within any general knowledge of which we are aware suggests that this rationale is no longer valid.

On remand, the trial court should, in the proper exercise of its discretion, determine whether a fair market value should be set, and if so, should set the value. The court's reasons for decision should be sufficiently stated to enable further appellate review.

Reversed; remanded for further proceedings.

PETRICH, A.C.J., and REED, J., concur.

---

[3]The language of the statutes in effect at the time of those decisions differs from current statutes, but the rationale of the decisions did not depend on the statutory language.